Anthony Lanza, (Bar No. 156703)
tony@lanzasmith.com
Brodie H. Smith, (Bar No. 221877)
brodie@lanzasmith.com
LANZA & SMITH
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California  92614-8540
(949) 221-0490
Fax (949) 221-0027

Attorneys for Plaintiff EGUMBALL, INC.,
a California Corporation

Donald Walker, (Bar No. 135758)
legalfirm@pacbell.net
LAW OFFICES OF DONALD WALKER
PO Box 2807
San Rafael, California 94912
(866) 433-9585
Fax: (415) 479-1177

Attorneys for Defendants RUSSELL WALLACE
and YOURLOCALMERCHANT.COM, INC.

**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGUMBALL, INC., a California Corporation,<br><br>　　　　Plaintiff;<br><br>vs.<br><br>RUSSELL WALLACE, an individual; YOURLOCALMERCHANT.COM INC., a California Corporation; and DOES 1 through 50 inclusive;<br><br>　　　　Defendants. | Case No.:  CV09-9389 ODW (MLGx)<br><br>[Assigned to the Hon. Otis D. Wright II, Department 11]<br><br>**STIPULATED JUDGMENT**<br><br>Filed:  December 22, 2009<br>Trial:   None |

The parties hereby stipulate as follows:

1. On or about December 22, 2009, Egumball, Inc. ("Egumball") filed this lawsuit in the United States District Court, Central District of California, for numerous causes of action (case number CV 09-9389 ODW) against YourLocalMerchant.com, Inc. ("YLM") and Russell Wallace alleging, inter alia, that Russell Wallace ("Wallace") and YLM infringed on the protected trade dress of Egumball's websites, and used other unfair and illegal business practices.

2. An actual dispute exists between Egumball and third party Tony Redman ("Redman"), although Redman is not a party to this lawsuit. Redman, nevertheless, wishes to settle his actual dispute with Egumball, and thus, he hereby submits to the jurisdiction of this Court for the purposes of this Stipulated Judgment.

3. Egumball, Wallace, Redman, and YLM are collectively referenced as the "Parties."

4. The Parties have agreed to settle this matter under a separately executed Settlement Agreement, the content of which may be referenced at any time to interpret this Judgment. The Settlement Agreement shall be separately filed.

5. On or about April 12, 2010, the Court granted Egumball's Motion for Preliminary Injunction (Docket No. 15). The Court issued a preliminary injunction enjoining defendants YLM and Wallace from infringing on Egumball's websites and from conducting certain other activities. The Parties now wish to convert the preliminary injunction into a permanent injunction as set forth below.

6. A judgment shall be entered in favor of Egumball as follows: Wallace, Redman, and YLM, including all of their employees or agents, are hereby permanently enjoined from any of the following:

   a. Posting or displaying any sequence of four or more consecutive words that match any string of four or more consecutive words on any of plaintiff's websites including Egumball.com and MyServiceProfile.com.

   b. Copying or reproducing any of the source codes from

1  Egumball.com or MyServiceProfile.com.

2        c.     Utilizing any other aspects of defendants' websites that copy or
3  replicate the look and feel of plaintiff's websites.

4        d.     Infringing upon the look and feel of any changes or additions to
5  Egumball, Inc.'s websites in the future.

6        e.     Posting any online consumer reviews or other similar online
7  content that purports be from or have been written or prepared by an independent
8  consumer, as opposed to an agent acting of behalf of defendants.

9      7.     Further, defendants will, within thirty days of the date of this Judgment,
10  delete, alter, or rebuild the "terms" pages of its websites, including
11  http://29prime.com/demo/Terms/ and http://www.yourlocalmerchant.com/terms.html
12  to bring them in compliance with the preliminary injunction, and will change its credit
13  card logos to differentiate them from Egumball's.

14      8.     Wallace, Redman, and YLM further agree not to solicit any current
15  Egumball client that is listed on plaintiff's directory at
16  http://www.myserviceprofile.com/.  The term "solicit," for purposes of this Stipulated
17  Judgment, means to intentionally contact, in any way, whether directly, or through an
18  agent, employee, or related entity, any of the Egumball's clients, whether in person,
19  by telephone, facsimile, e-mail, U.S. Mail, or any other form of written or verbal
20  communication, other than advertisements to the general public. Wallace, Redman,
21  and YLM agree to take responsibility for and ensure that their agents and employees
22  are trained with respect to the terms of this paragraph.  If accidental contact occurs
23  through "robo calls" or mass e-mail marketing, Wallace, Redman, and YLM will not
24  further solicit the Egumball client or enter into a contract with the client.

25      9.     The Parties hereby stipulate that this Stipulated Judgment shall be
26  binding as against all defendants, plus Tony Redman, and shall further be binding
27  against any other entities, now in existence or to be formed in the future, owned by
28  Russell Wallace or Tony Redman which compete against Egumball in any way,

1  including 29 Prime.

2      10.    The Parties further stipulate and agree that the Court shall retain jurisdiction over this case and over the Parties for the purposes of enforcing the Judgment if necessary.

DATED: _____    _____
                                           Egumball, Inc.
                                           By: John Bauer
                                           Its: President

DATED: _____    _____
                                           Russell Wallace

DATED: _____    _____
                                           Tony Redman

DATED: _____    _____
                                           YourLocalMerchant.com, Inc.
                                           By: _____
                                           Its: _____

The Court, having considered the Parties' Stipulated Judgment,

**HEREBY ORDERS, ADJUDGES AND DECREES AS FOLLOWS:**

1. Wallace, Redman, and YLM, including any of their employees or agents, are hereby permanently enjoined from any of the following:

    a. Posting or displaying any sequence of four or more consecutive words that match any string of four or more consecutive words on any of plaintiff's websites including Egumball.com and MyServiceProfile.com.

    b. Copying or reproducing any of the source codes from Egumball.com or MyServiceProfile.com.

    c. Utilizing any other aspects of defendants' websites that copy or replicate the look and feel of plaintiff's websites.

    d. Infringing upon the look and feel of any changes or additions to Egumball's websites in the future.

    e. Posting any online consumer reviews or other similar online content that purports be from or have been written or prepared by an independent consumer, as opposed to an agent acting of behalf of defendants.

2. Defendants are ordered to, within thirty days of the date of this Judgment, delete, alter, or rebuild the "terms" pages of its websites, including http://29prime.com/demo/Terms/ and http://www.yourlocalmerchant.com/terms.html to bring them in compliance with the preliminary injunction, and will change its credit card logos to differentiate them from Egumball's.

3. Wallace, Redman, and YLM shall not solicit any current Egumball client that is listed on Plaintiff's directory at http://www.myserviceprofile.com/. The term "solicit," for purposes of this Judgment, means to intentionally contact, in any way, whether directly, or through an agent, employee, or related entity, any of the Egumball's clients, whether in person, by telephone, facsimile, e-mail, U.S. Mail, or any other form of written or verbal communication, other than advertisements to the general public. Wallace, Redman, and YLM shall take responsibility for and ensure

that their agents and employees are trained with respect to the terms of this paragraph. If accidental contact occurs through "robo calls" or mass e-mail marketing, Wallace, Redman, and YLM shall not further solicit the Egumball client or enter into a contract with the client.

4. This Stipulated Judgment shall be binding as against all defendants, plus Tony Redman, and shall further be binding against any other entities, now in existence or to be formed in the future, owned by Russell Wallace or Tony Redman which compete against Egumball in any way, including the S.E.O. business.

5. This Court shall retain jurisdiction over this case and over the Parties for the purposes of enforcing the Judgment if necessary.

**IT IS SO ORDERED.**

Dated: January 5, 2011                    _____
                                          Hon. Otis D. Wright
                                          Judge of the U.S. District Court